IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

RECEIVED

2006 DEC 21 A 9: 27

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES OF AMERICA, )
        Plaintiff )
)
) CASE NO.: 2:04CR-0025-F
)
v. )  2:06-CV-1129-MEF
)
AMY ANN PITTS, )
        Defendant )

MEMORANDUM OF LAW IN SUPPORT OF HABEAS
CORPUS MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C.A. § 2255 - FEDERAL

I. HISTORY OF THE CASE:

On February 25, 2004, a one count indictment and forfeiture allegation charging me with violation of the Controlled Substance Act was filed in the United States District Court for the Middle District of Alabama. Count One (1) of the indictment charged that on or about January 28, 2004, in Montgomery County, within the Middle District of Alabama, the defendant (Me) did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)91).

On January 28, 2004, I was arrested by the United States Drug Enforcement Administration and transferred to the custody of the United States Marshals Service in the Middle District of Alabama. On January 29, 2004, I was released on $25,000 unsecured bond with special conditions to include reporting to the Pretrial Services Office as directed, active employment, random drug urinalysis testing, drug

treatment and counseling if determined necessary, home detention, restriction from excessive use of alcohol or any use of narcotic drugs and other controlled substances unless prescribed by a licensed medical practitioner and restriction from possession of drug paraphernalia, possession of a firearm, destructive device, or other dangerous weapons. On April 12, 2004, a petition for a warrant for my arrest and revocation of the bond was requested based on my continued usage of methamphetmine while on bond. I was arrested; however, was allowed to continue on bond at a hearing held on May 4, 2004, with a modified condition that I would be placed in the custody and under supervison of my father. On August 31, 2005, I was again arrested for violation of my bond conditions, continued usage of methamphetamine, and I was remanded to the custody of the United States Marshals.

On April 11, 2005, I pled guilty to Count 1 of the indictment in accordance with a written plea agreement filed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, as amended, in which the government agreed to recommend a sentence of 36 months imprisonment and agreed to file a motion for downward departure under the provisons of Rule 35, of the Federal Rules of Criminal Procedure, if I provide substantial assistance to the United States in other cases. I agreed to provide substantial assistance as requested and to waive appeal and collateral attack. On August 30, 2005, I allegedly violated the terms of my plea agreement, specifically Paragraph 4(j), and the government filed a motion to be released

from the terms of the plea agreement. In accordance with this provision of the plea agreement, the determination of whether the breach of the plea agreement by failing to fulfill my obligations is at the sole discretion of the government and I do not have the right to withdraw my guilty plea.

II. STATEMENT OF FACTS:

On February 25, 2004, a one count indictment and forfeiture allegation charging me with violation of the Controlled Substance Act was filed in the United States District Court for the Middle District of Alabama.

On January 28, 2004, the Count 1 of the indictment charged that in Montgomery County, within the Middle District of Alabama, I did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

On January 28, 2004, I was arrested by the United States Drug Enforcement Administration and transferred to the custody of the United States Marshals Service in the Middle District of Alabama.

On January 29, 2004, I was released on $25,000 unsecured bond with special conditions to include reporting to the Pretrial Services Office as directed.

On April 12, 2004, a petition for a warrant for my arrest and revocation of bond was requested based on my continued usage of methamphetamine while on bond.

On May 4, 2004, I was arrested and was continued on bond, with a modified condition that I be placed in the custody and under the

supervision of my father.

On August 31, 2005, I was again arrested for violation of my bond conditions, continued usage of methamphetamine, and I was remanded to the custody of the United States Marshals.

On April 11, 2005, I pled guilty to Count 1 of the indictment in accordance with a written plea agreement filed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, as amended, in which th government agreed to recommend a sentence of 36 months imprisonment and agreed to file a motion for downward departure under the provisions of Rule 35, of the Federal Rules of Criminal Procedure, if I provide substantial assistance to the United States in other cases.

III. ARGUMENTS:

28 U.S.C.A. § 2255 requires a prisoner's sentencing court to release him or her if the prisoner's sentence was imposed in violation of the Constitution or laws of the United States, if the court without jurisdiction to impose the sentence, if the sentence exceeded the maximum authorized by law, or if the sentence is otherwise subject to collateral attack. The statute provides that if the court finds for the prisoner, it may resentence him or her or set the conviction aside, as is appropriate.

A. VIOLATION OF SIXTH AMENDMENT RIGHT - PRESENTENCE INVESTIGATION (PSI)

My counsel of record, Barry E. Teague, now deceased, sent a letter to the United States Probation Office dated October 3, 2005 (a copy of which is attatched hereto and incorporated herein as if repeated fully herein verbatim). Said letter specifically specifies my

objections to the revised PSI dated September 22, 2005 and received by Attorney Teague on September 29, 2005. Attorney Teague's letter states factual objections and legal issues to be resolved. To the best of my knowledge and belief, these issues were not resolved prior to sentencing on January 31, 2006 nor were they resolved at the sentencing hearing.

I would further show the Court that in the case of <u>USA v. Christopher</u>, 923 F. 2d 1556 (11th Cir. 1991), the Court held that "the district court is required to resolve factual objections and legal issues and make 'explicit findings of fact and conclusions...'." <u>U.S. v. Wise</u>, 881 F.2d 970, 973 (11th Cir. 1989). See also 18 U.S.C. §§3552, 3553.

In the case of <u>U.S. v. Kramer</u>, 943 F.2d 1543 (11th Cir. 1991) Application Note 2 of U.S.S.G §3C1.1 "instructs the district court..., to resolve in favor of the defendant those conflicted issues about which the district court has not reached a definite conclusion." Accordingly, inasmuch as no resolution of the factual objections and/or legal issues specifically addressed in Attorney Teague's October 3, 2005 correspondence to the United States Probation Office were reached at sentencing, the Court should resolve the issue of the disputed revised PSI in favor of me, as it relates to the issues mentioned in my §2255.

B. <u>CONVICTION OBTAINED BY A BREACH OF PLEA AGREEMENT</u>

In accordance with § 225(a) - Constitutional Requirements - in order to be valid, a plea of guilty must be made voluntarily and with full knowledge of the consequences, <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969); <u>Stano v. Dugger</u>, 921 F. 2d 1125 (11th Cir. 1991).

-6-

In <u>Coleman v. Alabama</u>, 827 F. 2d 1469 (11th Cir. 1987), the court construed Boykin to require that an accused have information concerning the range of punishment prescribed by the act to which he may be sentenced. In order for a guilty plea to be entered knowingly and intelligently, the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea, but he must also be reasonably informed of the legal options and alternatives that are available. <u>LoCente v. Dugger</u>, 847 F. 2d 745 (11th Cir. 1988).

According to § 229 (b) - Breach of Agreement - The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty. <u>Santobello v. New York</u>, 404 U.S. 257 (1957); <u>United States v. Johnson</u>, 132 F. 3d 628 (11th Cir. 1998); <u>United States v. Rewis</u>, 969 F. 2d 985 (11th Cir. 1992); <u>United States v. Boatner</u>, 966 F. 2d 1575 (11th Cir. 1992). Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea. <u>United States v. Taylor</u>, 77 F. 3d 368 (11th Cir. 1996).

In <u>United States v. Taylor</u>, supra, the government agreed to recommend a sentence of ten years. The pre-sentence report, however, indicated that the relevant conduct would result in a sentence of approximately fifteen (15) years. The defendant challenged the applicability of the relevant conduct. The government responded that the evidence supported the pre-sentence report's conclusion and the government was prepared to prove that the relevant conduct

-7-

occurred. Nevertheless, at sentencing the government recommended a sentence of ten years. This amounted to a breach of the plea agreement. When the government's statement regarding the pre-sentence investigation are inconsistent with the plea agreement, the government has breached that agreement. The fact that the government recommended ten years at the sentencing did not cure the breach. The recommendation, which merely paid lip service to the agreement, was insufficient to rectify the breach committed when the government advocated a position requiring a longer sentence than it had agreed to recommend. United States v. Jefferies, 908 F. 2d 1520 (11th Cir. 1990) (government would be bound to its agreement that a drug conspiracy involved 13 grams and this determination would be binding on the Parole Commission). This same holding was reached in United States v. Boatner, supra, where the plea agreement provided that the government would argue that two ounces of cocaine was involved in the case, but the government then supported the assertion in the pre-sentence report that several kilos were involved.

In my case, initially when I pled guilty on April 11, 2005, in accordance with a written plea agreement filed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government agreed to recommend a sentence of 36 months of imprisonment and the government agreed to file a motion for downward departure under the provisions of Rule 35, of the Federal

Rules of Criminal Procedure, if the defendant provides substantial assistance to the United States in other cases. Also, the Pre-Sentence report that I read, and agreed to the objections, was finalized on September 7, 2005. The PSI report was revised again without my knowledge and the level of the offense was increased to 38. I objected to these changes and my objections were sent to the Court by my now deceased Attorney and there was no resolution, to my knowledge, of my objections to the PSI report.

Therefore, the manner in which my plea agreement and Pre-Sentence Investigation Report were revised without my knowledge and with no resolution to my objections was in error. Therefore, I feel that the plea agreement was breached since the government did not fulfill its obligations to the plea agreement.

When the government breaches a plea agreement regarding a sentencing recommendation, there are two available remedies: either allow the defendant to re-plea, or remand the case to a different judge for re-sentencing. In Taylor, supra, the court allowed the defendant to re-plead because the pre-sentencing investigation and the government's response were included in the record and would be available for another judge to review. In Johnson, supra, however, the court held that re-sentencing before a different judge would remedy the breach.

C. VIOLATION OF SENTENCING GUIDELINES - GUN ENHANCEMENT

I herein would respectfully allege that the government erred in applying a firearms enhancement in my case. In the case, United States of America v. Johnson, (09/07/06) - No. 03-11905, 03-12620, 04-10882, The Court of Appeals for the Eleventh Circuit held

-9-

that the application of a firearms enhancement in computing a defendant's sentence should be vacated where the government failed to meet its burden in proving a connection between the guns found and the alleged drug activity.

The Court further held that the government failed to address the possibility that the guns found belonged to any of the other adults located at the defendant's residence.

Based on the foregoing information, I would respectfully request this Honorable Court to vacate my sentence in the captioned matter and recompute my sentence based on the exclusion of a firearms enhancement.

IV.  CONCLUSION:

I would respectfully ask this Court to review the issues raised within the Memorandum of Law in support of my § 2255 motion. I respectfully request this Honorable Court to correct, set aside, or vacate my sentence based on the issues raised in my § 2255 motion, the within Memorandum of Law, and applicable statutes.

Respectfully submitted,

*Amy Pitts*

Amy Ann Pitts, Pro Se
REG # 11373-002
FPC - Marianna
Seminole A
P.O. Box 7006
Marianna, Fl 32446-7006

DATED: 12/19/06

**BARRY E. TEAGUE**
**ATTORNEY AT LAW**
*138 Adams Avenue*
*Post Office Box 586*
*Montgomery, AL 36101*

Phone: (334) 834-4500                                             Facsimile: (334) 834-4501

October 3, 2005

**VIA FACSIMILE**
(Original by U.S. Mail)
Ms. Jacquelyn P. Caple
U.S. Probation Officer
One Court Square Suite 249
Post Office Box 39
Montgomery, Alabama 36101-0039

      Re:    <u>U.S.A. vs. Amy Ann Pitts</u>, 2:04-cr-0025-F

Dear Officer Caple:

    Your Revised Presentence Report (PSI) concerning my referenced client, Amy Pitts Wadsworth, was received by me on September 29, 2005 by envelope postmarked September 28, 2005, with cover letter dated the 28th. I have very briefly reviewed this report with my client, and initially we are compelled to state serious objection to all the information contained within paragraphs 10, 11, and 12 of the revised report. By telephone voice mail and by fax on September 30, 2005, I forwarded you a copy of a "proffer" letter containing an agreement between the government and my client wherein the government at paragraph 6 thereof specifically stated:

> 6.    Any information given during the proffer will not be used against you <u>in calculating</u> any federal sentence you may be facing in the Middle District of Alabama, in accordance with Section 1B1.8 of the United States Sentencing Guidelines, unless it is determined that you have intentionally provided false or misleading information.

The government in paragraph six (6) of the letter clearly promises the defendant that the government will not use anything she says to enhance her sentence. Yet this is precisely what they have endeavored to do in paragraphs 10-12 of the PSI. The agreements contained in the "proffer" letter are separate, additional and distinct from those contained in the "plea agreement" between the government and the defendant dated April 11, 2005, wherein Ms. Pitts entered her plea of guilty in return for a recommendation from the government of a 36 month prison sentence.

COPY

Ms. Jacquelyn P. Caple
U.S. Probation Officer
Letter, 10-03-05
Page two

---

  Amy Pitts has performed well under the "plea agreement" with regard to her cooperation, and in response to this valuable assistance, the government on or about July 28, 2005, filed two motions (copies attached), the first requesting a §5K1.1, USSG downward departure to a sentence of 36 months, and the second requesting a three level sentence reduction for acceptance of responsibility under §3E1.1, USSG, that referenced Pitts timely plea of guilty. So, there is no issue before the court as to whether Amy Pitts had earned her 36 month sentence. Indeed, your revised PSI dated September 7, 2005, stated:

> On April 11, 2005, the defendant pled guilty to Count 1 of the indictment in accordance with a written plea agreement filed pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure*, as amended in which the government agreed to recommend a sentence of 36 months imprisonment and agreed to file a motion for downward departure under the provisions of Rule 35, of the Federal Rules of Criminal Procedure, if the defendant provides substantial assistance to the United States in other cases.

At sentencing we expect the evidence to show that my client after the plea wherein she had already earned a 36 month sentence, did in fact continue to provide substantial assistance to the government sufficient to warrant a further downward departure.

  It is our position that §1B1.8(b)(4), USSG, does not supersede the provision of the proffer letter that is made under the provisions of Rule 11, <u>Federal Rules of Criminal Procedure</u>.

  As you are aware on September 28, 2005, I filed a response for defendant Pitts to the government's filing of a notice of breach of the plea agreement. I would like for this response to note those arguments made in that filed response on said date. The defendant has been rendering assistance to the Agents involved in this case against targets that has resulted in the filing of cases pending in this and other courts. Amy Pitts's assistance to the government was dangerous to her safety, and indeed, Pitts was publicly exposed as an informant by one Nicole Broadfoot through Ms. Broadfoot's hacking into the Court's computer and publishing Amy Pitts agreement with the government on the street and on the internet. Broadfoot particularly advised "targets" that Pitts was endeavoring to help government agents prosecute about the Pitts agreement with the government. The United States Attorney filed a Notice of Breach of Plea Agreement on or about August 31, 2005. The government's notice of breach overlooks many meritorious things that the defendant has done for the government that should entitle her to either <u>all</u> of or at least <u>most of</u> the benefits she is entitled to under her agreement with them. Prior to the filing of the

Ms. Jacquelyn P. Caple
U.S. Probation Officer
Letter, 10-03-05
Page three

Notice of Breach, as already noted above the United States Attorney had filed two motions on, to-wit: July 28, 2005, as follows:

>     a.   For a USSG, §5K1.1 downward departure for substantial assistance to a prison term of 36 months that would be in accordance with the defendant's plea agreement on file with this court.
>
>     b.   For a downward departure of three levels pursuant to USSG, §3E1.1 pursuant to her timely entry of a guilty plea.

The very filing of these two motions is evidence that Amy Pitts had performed pursuant to the agreement in such manner that she was entitled to consideration enough to get her the benefits of the agreement. In fact, the defendant at the time of the filing of the plea agreement according to the prosecutors had already earned the 36 months sentence, and that if her cooperation continued she would be entitled to an even greater reduction than a sentence of 36 months. Amy Pitts continued to render valuable assistance to the government at great risk to her safety. She should not be deprived of her rights to the benefits of the plea agreement and the government's motions for downward departure.

Assuming *arguendo* that Amy Pitts should be punished for having her urine screen show positive, the court is asked to consider that if she had been on supervised release from prison with such violation, the most she would be punished under the guidelines for a violation of such supervision would be 24 months. If the court deems that the defendant should not get the complete benefit called for under the plea agreement and the government's motions, the defense submits that no more than an extra 24 months should be added to her sentence beyond the 36 month sentence she had earned.

It is inequitable for the government to now completely ignore the benefits the defendant provided to the government. There is ample room for a middle ground of sentencing in this matter between what is suggested in the PSI and what would be appropriate considering all the considerations under 18 U.S.C. §3553. Cases such as the one at bar easily illustrate yet another reason why the U.S. Supreme Court should have determined that the guidelines are not mandatory.

It is the defense's position that the case of *U.S. v. Witherell, 186 F.3d 1343 (11th Cir. 1999)* would not be applicable in this case, and the facts of that case can be easily distinguished from those in the case at bar. First, Ms. Witherell did not abide by the requirements of the U.S. Magistrate Judge only. Ms. Witherell according to that opinion did nothing else. She had no agreement with the government. In the case at bar, Ms. Pitts has done considerable to help

Ms. Jacquelyn P. Caple
U.S. Probation Officer
Letter, 10-03-05
Page four

---

the government and the criminal justice system.

We submit that the guidelines calculations set forth in your revised PSI dated September 7, 2005, would be more appropriate to consider in this case than those set forth in the second revised report dated September 22, 2005.

One fact should not be overlooked in this matter, Ms. Pitts suffered from an addiction to methamphetamine. She and her father, Francisco Javier Pitts, both expressed this to the court and to the pretrial services officer. Ms. Pitts had not been exposed to any kind of drug treatment program. Her release involved many hours of cooperation with the government's agents not only within Alabama but also in the State of Georgia. The entire scope of Amy's cooperation when considered against a dirty urine screen should entitled her to most if not all of the benefits called for under her plea agreement.

                                                          Yours very truly,

                                                          Original Signed By:
                                                          BARRY TEAGUE
                                                      Barry E. Teague

cc:    Terry Moorer, AUSA