IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMY ANN PITTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:06cv1129-MEF-SRW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

On December 19, 2006, the petitioner, Amy Ann Pitts, filed a motion under 28 U.S.C. § 2255 challenging her conviction and sentence for unlawful possession with intent to distribute methamphetamine.[1] The CLERK is hereby DIRECTED to serve a copy of Pitts's §2255 motion upon the United States Attorney for the Middle District of Alabama. The United States Attorney is

ORDERED to file a response to Pitts's motion within thirty (30) days from the date of this order. The government is advised that its response must address each claim presented by Pitts in the § 2255 motion.

**In filing its response, the government shall identify and produce all documents and court records relevant to the issues pending in this cause of action. The**

---

[1] Although Pitts's motion is date-stamped "received" on December 21, 2006, under the "mailbox rule," the court deems it filed on the date she delivered it to prison authorities for mailing, December 19, 2006. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

**government should also indicate what transcripts are available, whether such documents are a part of the original criminal record, and, if not, when they can be furnished to the court**. The government shall attach to its response those portions of the trial record, including the plea agreement, guilty plea proceeding, and/or sentencing transcript, that are pertinent to a determination of the issues presented in this cause of action. **In addition, if this court is barred from reviewing a petitioner's claims due to his failure to properly preserve such claims, the government shall identify the defaulted claim(s) and provide a factual and legal basis for the procedural default argument**. Moreover, in filing its response, the government shall make specific reference to the portion of 28 U.S.C. § 2255 that provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**The government is advised that its response should contain a detailed procedural history, all relevant records, and citations to applicable case law from which the court can determine the applicability of the limitation period contained in 28 U.S.C. § 2255.**

**The parties are advised that no motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the motion to vacate may be filed by any party without permission of the court**. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.

The *Federal Rules of Civil Procedure* require that the petitioner mail to counsel for the government a true copy of anything that is sent to the court. Consequently, the petitioner is advised that she must mail to the United States Attorney for the Middle District of Alabama a true copy of **anything** that she sends to the court. Any document, pleading or correspondence sent to the court should specifically state that it has been sent to the United States Attorney for the Middle District of Alabama. Failure to comply with the directives of this order may result in delaying resolution of this case. Moreover, the petitioner is specifically **CAUTIONED** that her failure to file pleadings in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such pleadings not being accepted for filing. The CLERK is DIRECTED to not accept for filing any pleadings submitted by the petitioner that are not in compliance with either the *Federal*

*Rules of Civil Procedure* or the directives contained in this order.

 Done this 3rd day of January, 2007.

            /s/Susan Russ Walker
           SUSAN RUSS WALKER
           UNITED STATES MAGISTRATE JUDGE