IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMY ANN PITTS, | ) |
|    Petitioner, | ) |
| | ) CASE NO. 2:06-CV-1129-MEF-SRW |
| v. | )   (CR. NO: 2:04-CR-0025-MEF) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|    Respondent. | ) |

**MOTION FOR LEAVE TO FILE**
**MOTION TO DISMISS DEFENDANT'S 28 U.S.C. § 2255 MOTION**

Comes now the United States by and through Leura G. Canary, United States Attorney, who respectfully moves this Court for leave to file a motion to dismiss Defendant's (Pitts') Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"). As grounds therefore, the United States offers the following:

1.  On January 3, 2007, this Court ordered the United States to file a response to Pitts' 2255 Motion within thirty days of its order. (Doc. #7). In its order, this Court advised the parties that "no…motion to dismiss…addressed to [Pitts'] motion to vacate may be filed…without permission of the court." (Doc. #7, at 3).

2.  After review of the record, the United States is of the position that Pitts' 2255 Motion is due to be dismissed based on a waiver included in her plea

agreement. Accordingly, the United States must seek leave to file a motion to dismiss, before actually filing that motion. Provided below are the bases for which the United States believes a motion to dismiss Pitts' 2255 Motion is warranted.

### I. WAIVER OF COLLATERAL ATTACK RIGHTS IN PLEA AGREEMENT

3. The plea agreement filed in this matter, in a provision labeled "Defendant Waives Appeal And Collateral Attack," provided:

> e. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct.
>
> Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.O (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.
>
> Further, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on the ground that the sentencing guidelines are in any respect unconstitutional, on the grounds that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt,

and on any other ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. §3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the other law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742, then except for the waiver of appeal on the ground that the sentencing guidelines are in any respect unconstitutional and on the grounds that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt, the waiver of which will remain in force, the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

Exhibit A, at 4-6.

## II. APPROPRIATENESS OF A MOTION TO DISMISS IN THIS CASE

4. It is well-settled that waivers such as the one agreed to by Pitts are generally enforceable. Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005); see also, United States v. Buchanan, 131 F.3d 1005 (11th Cir. 1997). Such a waiver provision is enforceable if the waiver is made knowingly and voluntarily. Id. Knowing and voluntary waivers that fall within the ambit of the contractual agreement between the United States and a defendant have been repeatedly

enforced by this court.  See, e.g. United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001); United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997).

    5.  The United States should be permitted to file a motion to dismiss, rather than a response in this matter, because requiring the United States to file a response "where there has a valid…waiver undermines the interests of both the government and the defendants generally."  United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006).  "[P]lea agreements containing such waivers save the government time and money by conveying an immediate and tangible benefit in the saving of prosecutorial resources."  Id., quoting Buchanon, 131 F.3d at 1008-09.  "Requiring the government to file [a response to Pitts' motion] even though there is an appeal waiver substantially diminishes the value of the waiver to the government, and by extension to defendants who are willing to bargain away their right…"  Id.  Thus, where it is "clear from the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a…waiver, that waiver should be enforced without requiring the government to brief the merits…"  Id.

### III. CONCLUSION

    Accordingly, the United States respectfully requests leave of this Court to file a motion to dismiss Pitts' 2255 Motion, rather than to file a response on the merits.

Respectfully submitted this the 23rd day of January, 2007.

          LEURA G. CANARY
          United States Attorney

          /s/ Todd A. Brown
          TODD A. BROWN
          Assistant United States Attorney
          Post Office Box 197
          Montgomery, Alabama 36101-0197
          (334) 223-7280
          (334) 223-7135 fax
          ASB-1901-O64T
          Todd.Brown@usdoj.gov

# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| AMY ANN PITTS, | ) |
|     Petitioner, | ) |
| | ) CASE NO. 2:06-CV-1129-MEF-SRW |
| v. | )  (CR. NO: 2:04-CR-0025-MEF) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2007, I mailed, via United States Mail, a copy of the instant motion for leave to file a motion to dismiss to the following:

Amy Ann Pitts
No. 11373-002
FPC Marianna
Marianna, FL  32446.

        Respectfully submitted,

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Todd A. Brown
        TODD A. BROWN
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        ASB-1901-O64T
        Todd.Brown@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | CR. NO.  2:04-cr-25-F |
| ) | |
| AMY PITTS    ) | |

PLEA AGREEMENT

DEFENSE COUNSEL:         BARRY E. TEAGUE

ASSISTANT U.S. ATTORNEY:     TERRY F. MOORER

COUNT AND STATUTES CHARGED:

Count 1     21 U.S.C. 841(a)(1)

Possession of a Controlled Substance with Intent to Distribute.

MAXIMUM PENALTY:

21 U.S.C. 841(a)(1)

Possession of a Controlled Substance (methamphetamine) with Intent to Distribute.

Sentence: a term of imprisonment which may not be less 10 years, nor more than Life, and a fine of $2,000,000.00, or both; a term of supervised release of not less than 5 years; and an assessment fee of $100.00.

ELEMENTS OF THE OFFENSE

Count 1:    21 U.S.C. 841(a)(1)

Possession of a Controlled Substance with Intent to Distribute.

First:    That the defendant knowingly possessed a controlled substance as charged; and



Second:   That the possession was unlawful

Third:   That the defendant intended to distribute the narcotics as alleged.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Terry F. Moorer, Assistant United States Attorney, and Barry E. Teague, Esquire, attorney for the defendant, pursuant to Rule 11(c)(1)(C) Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offenses charged in the Indictment, the attorney for the Government will do the following:

   a. The Government agrees that the defendant shall receive a 36 month sentence of imprisonment.

   b. The Government agrees to file a motion for downward departure under the provisions of Rule 35, <u>Federal Rules of Criminal Procedure</u>, if the defendant provides substantial assistance to the United States in other cases.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

a. To plead guilty to Count 1 of the Indictment.

b. It is understood that by signing this agreement, you agree to provide substantial assistance to law enforcement agents. "Substantial assistance" with law enforcement agents under this agreement is understood to include, but is not limited to, the following:

(1) Making consensually monitored telephone calls to, or otherwise contacting, persons known to be involved in violations of the law.

(2) Introducing undercover law enforcement officers to persons you know to be involved in illegal activity.

(3) Maintaining contact with the law enforcement agents with whom you are working. You shall work under the direct supervision of law enforcement agents. At no time are you authorized to take any actions without first obtaining the direct authorization of such agents. Any independent and unauthorized actions will be deemed a violation of this agreement.

(4) Testifying truthfully against any such persons before any and all grand juries and at any and all hearings and trials.

(5) You agree to make a good faith effort to assist law enforcement agencies in arranging and making undercover contacts with other persons you know to be involved in illegal activity.

(6) You will cooperate fully and truthfully with the government in this investigation and in any other federal criminal investigation. You will

3

respond, completely, fully and truthfully to all inquiries addressed to you by representatives of the government, and you will testify fully and truthfully at any and all reasonable times and places before grand juries and against any and all defendants at the trial of any and all cases arising from this investigation or any other such investigation.

### FACTUAL BASIS

d.  The defendant admits the allegations charged in the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to the charge in the Indictment. Specifically, the defendant admits the following to be true and correct: On January 28, 2004, officers conducted a search warrant at the defendant's home in Montgomery, Alabama. During the search, officers found approximately 4 ounces of methamphetamine which the defendant intended to sell. Prior to January 28, 2004, the defendant admits to selling approximately 380 grams of a methamphetamine in the Middle District of Alabama and elsewhere.

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

e. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.0 (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

Further, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on the ground that the sentencing guidelines are in any respect unconstitutional, on the grounds that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt, and on any other ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. §3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the other law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742, then except for the waiver of appeal on the ground that the sentencing guidelines are in any respect unconstitutional and on the grounds that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt, the waiver of which will remain in force, the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4. The defendant, before entering a plea of guilty to Count 1 of the Indictment, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing and that, if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

  c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

  d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

  e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

  f. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further understands that the Government can only make a recommendation, which is not binding upon the Court. However, if the Court does not accept the Plea Agreement, the defendant may withdraw her guilty plea, if she so chooses.

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j. The defendant further understands that if the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, including, but not limited to, committing any new state or federal criminal offense while awaiting sentencing, then the Government will be released from its commitment to honor all of its obligations to the defendant without the defendant being able to withdraw his guilty plea. The determination of whether the defendant has breached this Plea Agreement by failing to fulfill the defendant's obligations herein, will be at the sole discretion of the Government.

    k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

    5. The undersigned attorneys for the Government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    6. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated

by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.

This ___13th___ day of December, 2004.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Chief - Criminal Division
U.S. Attorney's Office
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280
334-223-7135   fax

Terry F. Moorer
Assistant United States Attorney

10

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

AMY PITTS
Defendant

April 11, 2005
Date

BARRY E. TEAGUE
Attorney for the Defendant

April 11, 2005
Date

11