RECEIVED

IN THE UNITED STATES DISTRICRT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
2007 MAR 16   A NORTHERN DISTRICT

2:06cv1129-MEF

UNITED STATES OF AMERICA,    )
U.S. DISTRICT COURT          )
MIDDLE DISTRICT ALA.  Plaintiff )
                             )
                             )
v.                           )    CASE NO.:  2:04CR-0025-F
                             )
                             )
                             )
AMY ANN PITTS,               )
                  Defendant  )

---

## RESPONSE TO GOVERNMENT'S MOTION  FOR LEAVE TO FILE MOTION TO DISMISS DEFENDANT 'S 28 U.S.C. § 2255 MOTION

---

COMES NOW, Amy Ann Pitts, Pro Se, who respectfully move that this Court would move to deny the government's Motion to Dismiss my 28 U.S.C. § 2255 based on lack of merit. As I have stated in my previous paperwork, I do have grounds and will further re-iterate these as stated below:

### I. WAIVER OF COLLATERAL ATTACK  RIGHTS IN PLEA AGREEMENT:

In accordance with the letter dated October 3, 2005, from my former Attorney, Barry E. Teague, deceased, it was a notice to the fact that the government had breached the plea agreement.

It has been stated that the government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty.  Santobello v. New York, 404 U.S. 257 (1971); United States v. Johnson, 132 F.3d 628 (11th Cir. 1998); United States v. Rewis, 969 F.2d 985 (11th Cir. 1992); United States v. Boatner, 966 F.2d 1575 (11th Cir. 1992).  Whether the goernment violated the agreement is judged according to the defendant's reasonable understanding

-2-

at the time he/she entered his/her plea.  United States v. Taylor, 77
F. 3d 368 (11th Cir. 1966).

In United States v. Taylor, supra, the government agreed to recommend
a sentence of ten years.  The pre-sentence report, however, indicated that
the revelant coonduct would result in a sentence of approsimately fifteen
(15) years.  The defendant challenged the applicability of the relevant
conduct.  The government responded that the evidence supported the pre-
sentence report's conclusion and the government was prepared to prove that
the relevant conduct occurred.  Nevertheless, at sentencing, the government
recommended a sentence of ten years.  This amounted to a breach of the plea
agreement.  When the government's statements regarding the pre-sentence
investigation are inconsistent with the plea agreement the government has
breached that agreement.

In my case, as stated in the late Attorney Teague's letter, I entered
into  plea of guilty based on the agreement contained in the "proffer"
letter in which the governemnt recommended a 36 month prison sentence. The
agreements contained in the "proffer" letter are separate, additional and
distinct from those contained in the "plea agreement" between the government
and the defendant dated April 11, 2005.

Based on the "proffer" agreement, I clearly understood what I was
agreeing to based on the recommendation for a 36 month sentence and I
fulfilled all my  agreed upon issues in the agreement.  I cooperated with
the government and provided information that put my life in jeopardy in
order to fulfill my agreement with the government.

-3-

In accordance with the Change of Plea hearing that I attended on
April 11, 2005, Government Exhibit B, page 2:21-25 and page 3:1-5, I
pled guilty to count one of the indictment which is possession with
intent to distribute narcotics.  In return for my cooperation in this
case, the United States agreed that I would receive a 36 month term
of imprisonment and that they would not use any prior information
that I had stated against me at sentencing, but of course they did.

When the government breaches a plea agreement regarding a
sentencing recommendation, there are two available remedies:  either
allow the defendant to re-plead, or remand the case to a different
judge for re-sentencing.  Of this was not done either.  According to
the transcript, the judge question whether there was an agreement, but
stated that since the government stated that I had violated the terms
of the agreement, they would be released from their obligations and/or
promises, but that I would be bound  by my obligation as it relates
to the agreement.

During the January 31, 2006, Sentencing Hearing, according to the
court on page 4:13, it states that I violated Section (4)(j) of the
agreement, which dealt strictly with me committing any new state or
federal criminal offense while awaiting sentencing.  I did commit
a state or federal offense at the time of sentencing, but was not charged.
I did not violate the terms of the agreement.  As my attorney explained
the agreement to me, I would have to receive another offense in order
to violate the agreement, I did not violate the agreement in accordance
with my understanding of the terms of the agreement.  I did admit to

-4-

the failure of the drug test, but I did not receive another charge
for this failing of the urine test. Therefore, it is my understanding
that the government would have to give my another charge in order for
me to violate the terms of the agreement.

Therefore, I feel that the government violate the agreement and
the matter was not properly handled by the court. I was never given
the opportunity to re-plead or the case was never remanded to another
judge for sentencing.

## II.   VIOLATION OF MY SIXTH AMENDMENT RIGHTS - PRESENTENCE INVESTIGATION REPORT (PSI)

According to my atotrney, (now deceased), it was explained to me
that my plea was 11(c)(1)(C) - which is a judicial participstion, which
means that attorneys for the government and the defendant may engage
in plea discussions with a view toward reaching an agreement, but the
rule concludes witha strict admonition that the court shall not
participate in any such discussions. United States v. Casallas, 59
F.3d 1173 (11th Cir. 1995). The primary concern of those who would
dissociate the judge from the plea bargaining process has been that
judicial intervention may coerce the defendant into an involuntary
plea that he would not otherwise enter. United States v. Corbitt,
996 F.2d 1132 (11th Cir. 1993). Three rationales have been advanced
for the strict prohibition on judicial participation: (1) judicial
involvement in plea negotiations inevitably carries with it the high
and unacceptable rist of coercing a defendant to accept the proposed
agreement and plead guilty; (2) to protect the integrity of the

-5-

judicial process; (3) to preserve the judge's impartiality after the
the negotiations are completed.  United States v. Casallas, supra.
This makes me wonder, if the sentencing judge had the right to proceed
with the sentencing without letting me re-plead or remand it back to
another judge for sentencing.

However, according to page 5:20-25 and Page 6:1-3, my attorney
at the time had objections to the PSI report, on page 9:16-25 and 10:
9-25, he was conversing with the court as to the objections that he
and I had discussed prior to the sentencing hesring, but during the
sentencing, when he was asked to present the objections along with his
eveidence to negate the objections, he withdrew all objections without
informing me as to what was happening nor did he discuss this decision
with me.  Therefore, I feel my attorney did not act in good faith
as it relates to presenting my objections and trying to resolve the
issues with the Court.

In Section §6A1.3 - Resolution of Disputed Factors, in subsection
(a), it states, "when any factor important to the sentecing
determination is reasonably in dispute, the parties shall be given an
adequate opportunity to present information to the court regarding the
factors.

Subsection (b) the court hsall resolve disputed sentencing factors
at a sentencing hearing in accordance with Rule 32(c)(1), Fed. R.
Crim. P.  Rule 32 requires that the Court make specific factual
findings of contested matters to the presentence report.  United States

-6-

v. Pofhal, 990 F.2d 1456 (5th Cir. 1993).

The Tenth Circuit held that the trial court's failure to make
factual findings to specific challenged information in the Presentence
Investigation Report is reversible error. United States v. Alvarado,
909 F.2d 1443 (10th Cir. 1990) and United States v. Leroy, 944 F.2d
787 (10th Cir. 1991).

It is my understanding that when a defendant challenges the factual
accuracy of a presentence report, strict compliance with Rule 32 is
required. United States v. Jones 907 F.2d 929, 931 (9th Cir. 1990).
Failure of my attorney to pursue the objections definitely is in
violation of my Sixth Amendment Rights and the court did not take
any additional steps to make sure all the factual objections raised
were addressed, even though he withdrew without my stating that I
did not want to pursue the objections. Therefore, my attorney, as
well as, the court did not follow through in accordance with Rule 32
and I would have indicated that I wanted to resolve the issues that
were presented to the court.

There violates on the part of the government, as well as, I did
commit another offense, but I was never charged with the offense, therefore,
I did not violate the agreement,

In order for the court to review this matter with a clear
understanding of my objections, the court would have to Order the
government to reply to my grounds stated in the § 2255 and not dismiss
it based on the facts stated in the government's response.

-7-

### III. CONCLUSION

Due to the circumstances surrounding this case, I feel that my § 2255, should not be dismissed because the government feels that I violated the agreement. All the information and case law presented in my § 2255 and Memorandum of Law clearly states my concerns very clearly. I stated facts based on case law and procedures. Therefore, it is my desire thatthis Honorable court will review the facts of this case and Order the government to respond to the grounds of my § 2255 and also make a determination as to whether the government violated the plea agreement in the manner in which they handled the plea.

My final argument in this matter is the fact that I followed the terms of the agreement as it was explained to me be my deceased attorney. The government, however, made changes to the presentence report and I was never informed of the changes and had no idea of the changes and what it meant to me taking a plea. There were violates on the plea and I would liketo request this Honorable court to proceed with my § 2255.

Respectfully submitted,

Amy Ann Pitts, Pro Se
REG #11373-002
FPC - Marianna
Seminole A
P. O. Box 7006
Marianna, FL  32446-7006

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


UNITED STATES OF AMERICA,      )
              Plaintiff    )
                            )
                            )
        v.                )
                            )   CASE NO.:   2:04CR-0025-F
                            )
                            )
AMY ANN PITTS               )
           Defendant    )

## CERTIFICATE OF SERVICE

COMES NOW, AMY ANN PITTS, Pro Se, I certify that I have enclosed
my Response to the Government's Motion to Dismiss my § 2255. The documents
were placed in the mail receptacle located at the FPC - Marianna Camp and
the envelopes where stamped by R&D. The proper postage was affixed to
the envelopes.

The documents was sent to the following individuals:

Mr. Todd Brown
Assistant United States Attorney
P. O. Box 197
Montgomery, AL  36101-0197

CLERK OF COURT
United States District Court
P. O. Box 711
Montgomery, AL   36101-0711

This document was taken to R&D and placed in the mail on _13th_

March, 2007.

Respectfully submitted,

_Amy Pitts_

Amy Ann Pitts, Pro Se
REG #11373-002
FPC - Marianna
Seminole A
P. O. Box 7006
Marianna, FL  32446-7006

AMY ANN PITTS
REG #11373-002
FPC - Marianna
Seminole A
P. O. Box 7006
Marianna, FL    32446-7006

CLERK OF COURT
UNITED STATES DISTRICT COURT
P. O. BOX 711
MONTGOMERY, AL    36101-0711

