IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMY ANN PITTS, | ) |
| PETITIONER | ) CIVIL ACTION NO. 2:06-CV1129-MEF |
| VS. | ) |
| UNTIED STATES OF AMERICA, | ) |
| RESPONDENT. | ) |

RESPONSE PURSUANT TO
ORDER OF COURT DATED OCTOBER 24, 2007

COMES NOW, Petitioner, Amy Ann Pitts, and in response to this Honorable Court's Order dated October 24, 2007, would show the Court as follows:

In support of Petitioner's claim of ineffective counsel with regard to my entering a not guilty plea based on an agreement with the government in a "proffer" which this Petitioner was told by her attorney, would result in a sentence of thirty-six (36) months incarceration. Petitioner was informed by her attorney and believed that her agreement to plead not guilty would result in a recommendation by the government to the court of a thirty-six (36) month semntence. Petitioner cooperated with the government and provided information that placed her in a perilous situation in the community. This cooperation at the risk of danger to herself was all done in order to fulfill her agreement with the government. Petitioner's attorney further advised her that by entering into this "proffer" agreement, she would have a certain degree of immunity for information provided to the government. Petitioner had no reason to doubt her attorney and truly believed she would be given a sentence of thirty-six months if she pled guilty and assited the government.

In Petitioner's Response to the Government's Motion, Petitioner states on page 3 that she agreed to the change of plea and on April 11, 2005, attended a Change of Plea hearing where based on the representations and counsel given to her by her attorney, changed her plea to "Guilty" fully expecting to receive a thirty-six (36) month sentence. Petitioner was further informed by her attorney that the government had agreed to grant her immunity and that any and all information she provided to the government would not be used against her in a criminal proceeding and would not affect the government's recommendaiton to the Court as to sentencing.

Between the Change of Plea Hearing held on April 11, 2005, and the actual sentencing on January 31, 2006, I cooperated fully with the government. I answered all questions presented to me, provided full and complete information to the government, and satisfied the terms of my agreement with the government. At the Sentencing Hearing, the government presented its argument that I had violated the agreement by committing a new "state for federal" offense. At the time I admitted to having a "dirty"urine test during the period of time between April 11, 2005 and the sentencing hearing. However, Petitioner points out that this "test" was not a new charge and to my knowledge, no charge was ever brought by any governmental (state ofr federal) authority with regard to the urinalysis test. I previously had consulted with my attorney concerning the "dirty" test and was assured by him that this was not a new charge and would not affect the 36 month sentence the government had recommended.

Your Petitioner would further show this Court that her attorney did file a Notice of Breach of Plea Agreement response with the court on September 28, 2005. This document clearly addresses issues to be resolved. The preparation and filing of this document clearly shows my intent and my attorney's agreement with objections to be raised and decided by the Court. The lack of my attorney pursuing these objections shows a clear pattern of ineffective counsel and the detrimental effect it had on my case.

At the Sentencing Hearing with the government taking this position, it was even more imperative that my attorney pursue the objections raised in his October 3. 2005 letter regarding the presentence investigation report ("PSI"). The objections in this letter specifically addressed issues with regard to a "revised PSI" dated September 22, 2005 and received by my attorney on or about September 29, 2005. The letter to the government addressed specific factual objections and elgal issues to be resolved by the Court <u>prior</u> to my sentencing. My attorney informed me that the Court would resolve the issues. However, when the Court asked my attorney about the objections, my attorney simply withdrew the objections. This sudden withdrawal of my objections was a surprise to me. My attorney never discussed this with me. The transcript is very clear that my attorney intended to address the objections contained in the letter (Tr. P.5 at 16). Further, the Corut aknowledged its receipot of these objections at the Sentencing Hearing (TR. 5 at 20 ).

The Court was involved in considering "a sentence outside of the 36 month sentence" (Tr. P.5, at 22-24). The Court further advised that Petitioner would then be able to withdraw her plea of guilty... .

Petitioner's attorney and the Court, as well as the government, discussed objections made by the Defendant (Tr. P.8-10). However, Petitioner's attorney withdrew the objections at the hearing. (Tr. P.10 at 24 and 25).

Petitioner would point outthat at no time did her attorney consult with her or request a recess to discuss these matters. Petitioner's attorney's failure to adequately handle the defendnat's objections amounts to ineffective counsel as defined by the Court and as a result thereof was detrimental to the Defendant. In <u>Strickland v. Washington</u>, 466 US 668 (1984), the Court set forth two (2) criteria for determining ineffective counsel. First counsel's performance fell below an objective standard of reasonableness in that counsel

-3-

failed to adequately research defendant's case and make objections to the manner in which the case was handled, specifically hhis pattern of making objections and then not following through with the objections. Second, as a result of counsel's deficient performance, this defendnat was adversely prejudiced and as a result thereof received an unfair outcome in her case.

It is clear from the transcript at the Sentencing Hearing that the government revised the original PSI and did acknowledge receipt of Defendant's objections to same. However, the failure of Petitioner's attorney to pursue these objections as well as objections to the alleged "breach of the plea agreement" adversely prejudiced this Defendant before the Court. Petitioner would further allege that her attorney did not meet the standards of representation that would be considered the norm in the legal community.

ACCORDINGLY, your Petitioner prays that this Court grant her Motion as heretofore filed with this Honoralbe Court and to grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*Amy Ann Pitts*
Amy Ann Pitts, Pro Se Petitioner
Reg. I. D. 11373-002
Federal Prison Camp, Seminole A
P. O. Box 7006
Marianna, FL 32446-7006

Dated at Marianna, Florida

This  2ND  day of  NOVEMBER  2007.

AMY ANN PITTS
REG. I.D 11373-002
FEDERAL PRISON CAMP - SA
P.O. BOX 7006
MARIANNA, FLORIDA 32446-7006

CLERK OF COURT
U. S. DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

FEDERAL CORRECTION/
3625 FCI ROAD, MARIANNA, FL
DATE 11-1-07
THE ENCLOSED LETTER WAS
THROUGH SPECIAL MAILING PR
FOR FORWARDING TO YOU. T
HAS BEEN NEITHER OPENED NOR
# THE WRITER RAISES A QU
PROBLEM OVER WHICH THIS FA
JURISDICTION, YOU MAY WISH
THE MATERIAL FOR FURTHER I
OR CLARIFICATION. IF THE WR
ENCLOSED CORRESPONDENCE
FORWARDING TO ANOTHER
PLEASE RETURN THE ENCLOSURE
ABOVE ADDRESS.



**BARRY E. TEAGUE**
**ATTORNEY AT LAW**
138 Adams Avenue
Post Office Box 586
Montgomery, AL 36101

Phone: (334) 834-4500                                             Facsimile: (334) 834-4501

October 3, 2005

**VIA FACSIMILE**
(Original by U.S. Mail)
Ms. Jacquelyn P. Caple
U.S. Probation Officer
One Court Square Suite 249
Post Office Box 39
Montgomery, Alabama 36101-0039

    Re:   *U.S.A. vs. Amy Ann Pitts*, 2:04-cr-0025-F



Dear Officer Caple:

    Your Revised Presentence Report (PSI) concerning my referenced client, Amy Pitts Wadsworth, was received by me on September 29, 2005 by envelope postmarked September 28, 2005, with cover letter dated the 28th. I have very briefly reviewed this report with my client, and initially we are compelled to state serious objection to all the information contained within paragraphs 10, 11, and 12 of the revised report. By telephone voice mail and by fax on September 30, 2005, I forwarded you a copy of a "proffer" letter containing an agreement between the government and my client wherein the government at paragraph 6 thereof specifically stated:

> 6.   Any information given during the proffer will not be used against you <u>in calculating</u> any federal sentence you may be facing in the Middle District of Alabama, in accordance with Section 1B1.8 of the United States Sentencing Guidelines, unless it is determined that you have intentionally provided false or misleading information.

The government in paragraph six (6) of the letter clearly promises the defendant that the government will not use anything she says to enhance her sentence. Yet this is precisely what they have endeavored to do in paragraphs 10-12 of the PSI. The agreements contained in the "proffer" letter are separate, additional and distinct from those contained in the "plea agreement" between the government and the defendant dated April 11, 2005, wherein Ms. Pitts entered her plea of guilty in return for a recommendation from the government of a 36 month prison sentence.

Ms. Jacquelyn P. Caple
U.S. Probation Officer
Letter, 10-03-05
Page two

---

Amy Pitts has performed well under the "plea agreement" with regard to her cooperation, and in response to this valuable assistance, the government on or about July 28, 2005, filed two motions (copies attached), the first requesting a §5K1.1, USSG downward departure to a sentence of 36 months, and the second requesting a three level sentence reduction for acceptance of responsibility under §3E1.1, USSG, that referenced Pitts timely plea of guilty. So, there is no issue before the court as to whether Amy Pitts had earned her 36 month sentence. Indeed, your revised PSI dated September 7, 2005, stated:

> On April 11, 2005, the defendant pled guilty to Count 1 of the indictment in accordance with a written plea agreement filed pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure*, as amended in which the government agreed to recommend a sentence of 36 months imprisonment and agreed to file a motion for downward departure under the provisions of Rule 35, of the Federal Rules of Criminal Procedure, if the defendant provides substantial assistance to the United States in other cases.

At sentencing we expect the evidence to show that my client after the plea wherein she had already earned a 36 month sentence, did in fact continue to provide substantial assistance to the government sufficient to warrant a further downward departure.

It is our position that §1B1.8(b)(4), USSG, does not supersede the provision of the proffer letter that is made under the provisions of Rule 11, Federal Rules of Criminal Procedure.

As you are aware on September 28, 2005, I filed a response for defendant Pitts to the government's filing of a notice of breach of the plea agreement. I would like for this response to note those arguments made in that filed response on said date. The defendant has been rendering assistance to the Agents involved in this case against targets that has resulted in the filing of cases pending in this and other courts. Amy Pitts's assistance to the government was dangerous to her safety, and indeed, Pitts was publicly exposed as an informant by one Nicole Broadfoot through Ms. Broadfoot's hacking into the Court's computer and publishing Amy Pitts agreement with the government on the street and on the internet. Broadfoot particularly advised "targets" that Pitts was endeavoring to help government agents prosecute about the Pitts agreement with the government. The United States Attorney filed a Notice of Breach of Plea Agreement on or about August 31, 2005. The government's notice of breach overlooks many meritorious things that the defendant has done for the government that should entitle her to either all of or at least most of the benefits she is entitled to under her agreement with them. Prior to the filing of the

Ms. Jacquelyn P. Caple
U.S. Probation Officer
Letter, 10-03-05
Page three

Notice of Breach, as already noted above the United States Attorney had filed two motions on, to-wit: July 28, 2005, as follows:

a. For a USSG, §5K1.1 downward departure for substantial assistance to a prison term of 36 months that would be in accordance with the defendant's plea agreement on file with this court.

b. For a downward departure of three levels pursuant to USSG, §3E1.1 pursuant to her timely entry of a guilty plea.

The very filing of these two motions is evidence that Amy Pitts had performed pursuant to the agreement in such manner that she was entitled to consideration enough to get her the benefits of the agreement. In fact, the defendant at the time of the filing of the **plea agreement** according to the prosecutors had already earned the 36 months sentence, and that if her cooperation continued she would be entitled to an even greater reduction than a sentence of 36 months. Amy Pitts continued to render valuable assistance to the government at great risk to her safety. She should not be deprived of her rights to the benefits of the plea agreement and the government's motions for downward departure.

Assuming *arguendo* that Amy Pitts should be punished for having her urine screen show positive, the court is asked to consider that if she had been on supervised release from prison with such violation, the most she would be punished under the guidelines for a violation of such supervision would be 24 months. If the court deems that the defendant should not get the complete benefit called for under the plea agreement and the government's motions, the defense submits that no more than an extra 24 months should be added to her sentence beyond the 36 month sentence she had earned.

It is inequitable for the government to now completely ignore the benefits the defendant provided to the government. There is ample room for a middle ground of sentencing in this matter between what is suggested in the PSI and what would be appropriate considering all the considerations under 18 U.S.C. §3553. Cases such as the one at bar easily illustrate yet another reason why the U.S. Supreme Court should have determined that the guidelines are not mandatory.

It is the defense's position that the case of *U.S. v. Witherell, 186 F.3d 1343 (11th Cir. 1999)* would not be applicable in this case, and the facts of that case can be easily distinguished from those in the case at bar. First, Ms. Witherell did not abide by the requirements of the U.S. Magistrate Judge only. Ms. Witherell according to that opinion did nothing else. She had no agreement with the government. In the case at bar, Ms. Pitts has done considerable to help

Ms. Jacquelyn P. Caple
U.S. Probation Officer
Letter, 10-03-05
Page four

the government and the criminal justice system.

We submit that the guidelines calculations set forth in your revised PSI dated September 7, 2005, would be more appropriate to consider in this case than those set forth in the second revised report dated September 22, 2005.

One fact should not be overlooked in this matter, Ms. Pitts suffered from an addiction to methamphetamine. She and her father, Francisco Javier Pitts, both expressed this to the court and to the pretrial services officer. Ms. Pitts had not been exposed to any kind of drug treatment program. Her release involved many hours of cooperation with the government's agents not only within Alabama but also in the State of Georgia. The entire scope of Amy's cooperation when considered against a dirty urine screen should entitled her to most if not all of the benefits called for under her plea agreement.

                                    Yours very truly,

                                    Original Signed By:
                                    BARRY TEAGUE
                                    Barry E. Teague

cc:    Terry Moorer, AUSA