IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMY ANN PITTS, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| VS. | ) Civil Action No. 2:06cv1129-MEF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Respondent. | ) |

**PETITIONER AMY ANN PITTS' REPLY TO
UNITED STATES OF AMERICA'S RESPONSE
REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL**

There is little disagreement between the United States and Petitioner Amy Ann Pitts as to the basic framework for evaluating claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, a defendant generally must show two things: First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as "counsel" as guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Beyond that, the parties diverge in their analyses of the issues to be considered within that framework.

The United States asserts in its response that counsel's withdrawal of objections to the presentence report was reasonable. This assertion is apparently based upon a premise that the proffer agreement and the plea agreement are not to be considered separately and another premise that a sustained objection to the presentence report would have made no difference. Both premises are erroneous.

<u>The proffer agreement and the plea agreement are separate</u>

 The final presentence investigation report in this case stated:

> On August 2, 2004, the defendant entered into a proffer agreement with the United States.  On August 4, 2004, the defendant and her counsel met with the government and assigned agents and, under proffer agreement, provided information regarding activities of others involved in the distribution of 'ice' methamphetamine.  Such information included reference to her own offense conduct which was not previously used against the defendant in accordance with USSG § 1B1.8(a).  However, upon the defendant's breach of the cooperation agreement, the government has invoked the provision of USSG § 1B1.8(b)4.

(Doc. 20, GX H, p. 4)

 As acknowledged by the government in its response, the proffer agreement <u>sub judice</u> provided:

> Any information given during the proffer will not be used against you in calculating any federal sentence you may be facing in the Middle District of Alabama, in accordance with Section 1B1.8 of the United States Sentencing Guidelines, unless it is determined that you have intentionally provided false or misleading information.

(Doc. 20, p. 8).

 U.S.S.G. § 1B1.8 prevents the use of information provided by a defendant pursuant to such proffer agreements if the government has agreed not to do so.  <u>See</u>, <u>United States v. Ledesma</u>, 979 F.2d 816, 820, n. 6 (11th Cir. 1992)(information divulged pursuant to cooperation agreement could not be used as basis for upward departure).  To be sure, U.S.G.G. § 1B.18(b) does provide exceptions.   In this instance, the only exception incorporated into the <u>proffer</u> agreement was for false and misleading information.   That being the case, the only ground which would have properly supported use of the proffered information would be that of false or misleading information in the proffer.  <u>See</u> <u>United States v. Johnson</u>, 174 Fed.Appx. 511, 2006 WL 858521 (11th Cir.

2006)("'Plea bargains, we have recognized, are like contracts and should be interpreted in accord with what the parties intended.' United States v. Rubbo, 396 F.3d 1330, 1334, (11th Cir. 2005), cert. denied ___ U.S. ___, 126 S.Ct. 416, 163 L.Ed.2d 217 (2005).") The only ground asserted by the United States in its Notice of Breach of Plea Agreement was not that Pitts had given false or misleading information in her proffer but that:

> On August 30, 2005, the United States learned that Defendant Amy Pitts submitted a urine sample which tested positive for methamphetamine. Additionally, the defendant possessed methamphetamine which was discovered during a search of her person at the United States Probation Office. The use and possession of methamphetamine by the defendant constitutes violations of state and federal law, and therefore relieves the United States of its obligation of the terms and conditions of the plea agreement. See paragraph 4 at page 8 of the Plea Agreement.

(Doc. 20, GX F). And, that was the ground argued in court for relieving the United States of its obligations under the plea agreement. (Doc. 20, GX C, pp. 1-2). Accordingly, use of the self-incriminating evidence provided by Pitts in her proffer was impermissible.

<u>Pursuit of objections to the presentence report would have made a difference</u>

Sentencing is not a one step process. "As explained in Rita [v. United States, 551 U.S. ___, ___ (2007)] and Gall [v. United States, 551 U.S. ___ (2007)], district courts must treat Guidelines as the 'starting point and the initial benchmark,' Gall v. United States, ante, at 11." Kimbrough v. United States, 552 U.S. ___, ___ (slip op. at 20)(2007). As "explained in Rita, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See 551 U.S., at ___ … [T]he district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." Gall v. United States, 552 U.S. ___ (slip op. at 11)(2007). Had the self-incriminating information Pitts proffered not been used the

3

starting point and initial benchmark would have included a base offense level of 26 rather than 38. Accordingly, the logical conclusion is that had the objection been pursued and sustained, her sentence would have been less.

Based upon the foregoing, Petitioner Amy Ann Pitts submits that her 28 U.S.C. § 2255 motion should be granted.

**s/ Thomas M. Goggans**
Ala. State Bar No. 2222-S45-T
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Petitioner
Amy Ann Pitts

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMY ANN PITTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) Civil Action No. 2:06cv1129-MEF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 8th day of February, 2008, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of each of the following: Sandra J. Stewart.

                                                **s/ Thomas M. Goggans**
                                                Ala.  S.J.I.S. GOG001
                                                2030 East Second Street
                                                Montgomery AL 36106
                                                PH: 334.834.2511
                                                FX: 334.834.2512
                                                e-mail: tgoggans@tgoggans.com

                                                Attorney for Petitioner
                                                Amy Ann Pitts