IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMY ANN PITTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06cv1129-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Amy Ann Pitts ("Pitts") asks the court to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. After due consideration of Pitts's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## I.   PROCEDURAL HISTORY

On April 11, 2005, Pitts appeared before the undersigned magistrate judge and, pursuant to a written plea agreement, pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). On January 31, 2006, the district court sentenced Pitts to 121 months in prison. As part of her plea agreement, Pitts entered a waiver of her rights to appeal or collaterally attack her sentence except on the grounds of ineffective assistance of counsel and prosecutorial misconduct. Pitts did not file a direct

appeal.

On December 19, 2006, Pitts filed a motion under 28 U.S.C. § 2255 challenging her conviction and sentence.  (Doc. No. 1.)  She was later allowed to amend the motion and clarify her claims.  (Doc. No. 14.)  In her § 2255 motion, as amended, Pitts asserts the following claims:

1.   The district court failed to rule on all disputed issues of law and fact at sentencing.

2.   The government breached the terms of the plea agreement regarding its sentencing recommendation.

3.   The district court erred in imposing a firearm enhancement.

4.   Counsel rendered ineffective assistance at sentencing when he withdrew and/or failed to pursue objections to the revised presentence report and to related issues of law and fact.

5.   Counsel rendered ineffective assistance by failing to argue that Pitts did not breach the plea agreement by committing another criminal offense because she had not been convicted of another offense at the time of sentencing.

The government contends that Pitts's claims are either barred by the waiver provision in the plea agreement or are meritless.  (Doc. Nos. 9, 11 & 20.)  Pitts was allowed an opportunity to respond to the government's submissions and has done so.[1]  (Doc. Nos. 17 & 32.)

## II.   DISCUSSION

---

[1]Pitts was proceeding *pro se* when she filed her § 2255 motion.  However, on January 1, 2008, attorney Thomas M. Goggans filed a notice of appearance as counsel for Pitts in this action. (Doc. No. 25.)

2

**A.     Waiver of Claims Not Based on Ineffective Assistance of Counsel**

As indicated above, Pitts's § 2255 motion includes claims that (1) the district court failed to rule on all disputed issues of law and fact at sentencing, (2) the government breached the terms of the plea agreement regarding its sentencing recommendation, and (3) the district court erred in imposing a firearm enhancement to her sentence.  (Doc. 1, 3 & 14.)  To the extent Pitts asserts these as separate substantive claims apart from any claims of ineffective assistance of counsel, such claims are barred by the provision in the plea agreement whereby Pitts waived her rights to appeal and collaterally attack her sentence except on the basis of ineffective assistance of counsel and prosecutorial misconduct.

An appeal or collateral attack waiver is valid if a defendant enters into it knowingly and voluntarily.  *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993).  In this circuit, such waivers have been enforced consistently according to their terms.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases).  There is no indication in the pleadings or other records before this court that Pitts's waiver was anything but knowingly and voluntarily made and as stated in the written plea agreement.  At the guilty plea colloquy, the terms of the waiver were discussed in open court, and the magistrate judge ascertained from Pitts that she understood the terms of the plea agreement.  (Doc. No. 11 - Gov. Exh. B at 2-5 & 8; Doc. No. 9 - Gov. Exh. A at 4-6.)  Under these circumstances, the waiver provision in the plea agreement bars this court's consideration of Pitts's claims that are not based on ineffective

assistance of counsel.[2]

## B.     Ineffective Assistance of Counsel Claims

### 1.     *Standard of Review*

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006).  Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  A "reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*., 466 U.S. at 694.

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance."  *Id*.  (internal quotation marks and brackets omitted).  Thus, "[g]iven the strong presumption in favor of competence, the

---

[2]The court recognizes that some of Pitts's substantive allegations intertwine with her claims of ineffective assistance of counsel.  Where appropriate, the court considers these substantive allegations in its discussion of Pitts's ineffective assistance of counsel claims in Part II.B of this Recommendation.

petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id.*

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### 2.   *Ineffective Assistance: Withdrawal of and/or Failure to Pursue Objections to Revised Presentence Report*

Pitts contends that her counsel rendered ineffective assistance at sentencing when he withdrew and/or failed to pursue objections to the revised presentence report and to related issues of law and fact. (Doc. 14 at 5-6; *see also* Doc. Nos. 1, 3 & 32.) Pitts argues that counsel's failure in this regard resulted in her receiving a sentence substantially longer than would otherwise have been imposed. In order to assess this claim, it is first necessary to set out a somewhat lengthy factual background.

Pitts was indicted in February 2004 and charged with possession with intent to distribute 50 grams or more of methamphetamine, a violation of 21 U.S.C. § 841(a)(1). In August 2004, Pitts entered into a proffer agreement with the government[3] under which she

---

[3]A proffer agreement is an agreement between the government and a defendant in a criminal case "that sets forth the terms under which the defendant will provide information to the government"; it "defines the obligations of the parties and is intended to protect the defendant

5

provided the government with information regarding her own activities, and the activities of

others, in the distribution of "ice" methamphetamine.  (*See* Doc. No. 20 - Gov. Exh. I at 1.)

That proffer agreement stated in relevant part:

> 6. Any information given during the proffer will not be used against you
> in calculating any federal sentence you may be facing in the Middle District of
> Alabama, in accordance with Section 1B1.8 of the United States Sentencing
> Guidelines, unless it is determined that you have intentionally provided false
> or misleading information.

(*Id.*; emphasis in original.)

In April 2005, approximately eight months after entering the proffer agreement, Pitts

entered into a written plea agreement with the government pursuant to Fed.R.Crim.P.

11(c)(1)(C).  (Doc. No. 9 - Gov. Exh. A.)  Under the plea agreement, the government agreed

that a sentence of 36 months' imprisonment was appropriate for Pitts as consideration for her

pleading guilty to the count in the indictment.  (*Id.* at 2.)  In addition, the government agreed

to file a motion for downward departure pursuant to Fed.R.Crim.P. 35 if Pitts provided

substantial assistance to the government in other cases.  (*Id.*)  The government also reserved

the right to inform the court and probation office of all facts pertinent to the sentencing

process, including all relevant information concerning the offense and Pitts's background.[4]

(*Id.*)

---

against the use of his or her statements."  *United States v. Lopez*, 219 F.3d 343, 345 n.1 (4th Cir.
2000).

[4]As indicated earlier in this Recommendation, the plea agreement also contained a provision
whereby Pitts waived her rights to appeal and collaterally attack her sentence except on the basis
of ineffective assistance of counsel and prosecutorial misconduct.

The plea agreement also obligated Pitts as follows:

(6)    You will cooperate fully and truthfully with the government in this investigation and in any other federal criminal investigation. You will respond, completely, fully and truthfully to all inquiries addressed to you by representatives of the government, and you will testify fully and truthfully at any and all reasonable times and places before grand juries and against any and all defendants at the trial of any and all cases arising from this investigation or any other such investigation.

(Doc. No. 9 - Gov. Exh. A at 3-4.)  In addition, the plea agreement contained a list of Pitts's

"understandings and acknowledgments," including the following acknowledgment:

j.    The defendant further understands that if the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, including, but not limited to, committing any new state or federal criminal offense while awaiting sentencing, then the Government will be released from its commitment to honor all of its obligations to the defendant without the defendant being able to withdraw his guilty plea. The determination of whether the defendant has breached this Plea Agreement by failing to fulfill the defendant's obligations herein, will be at the sole discretion of the Government.

(Doc. No. 9 - Gov. Exh. A at 8.)

On July 28, 2005, after Pitts's guilty plea was accepted, the government filed a motion

to award three points to Pitts for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

(Doc. No. 20 - Gov. Exh. D.)  At the same time, the government also filed a motion for

downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1.  (Doc. No. 20 -

Gov. Exh. E.)  In this filing, the government stated that it was satisfied Pitts was entitled to

a reduced sentence under § 5K1.1 and moved for the court to depart downwardly and impose

a sentence of 36 months as provided by the plea agreement. (*Id*.) Without a downward departure, Pitts was subject to a term of imprisonment of not less than 10 years nor more than life. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

On August 31, 2005, before any sentencing proceedings, the government filed a motion to declare that Pitts had breached the plea agreement by continuing to use and possess controlled substances in violation of state and federal law. (Doc. No. 20 - Gov. Exh. F.) Specifically, the government alleged that Pitts had recently submitted a urine sample that tested positive for methamphetamine and that a quantity of methamphetamine was discovered in Pitts's purse in a search conducted by a probation officer. (*Id*.)

In September 2005, in light of Pitts's alleged breach, the probation office prepared a revised presentence report. In the revised report, the probation office calculated the quantity of methamphetamine attributable to Pitts for determining her base offense level by making reference to incriminating statements Pitts had made to agents for the government under the proffer agreement regarding her methamphetamine trafficking activities. (Doc. No. 20 - Gov. Exh. H ¶¶ 10-12 & 18.) In including these amounts in its calculation of attributable drug quantity, the probation office reasoned that Pitts's breach of the plea agreement no longer entitled her to benefit from the proffer agreement and also released the government from its obligations under the plea agreement, including any obligation to recommend a sentence of 36 months. (*Id*. at ¶ 49.) In the revised presentence report, the probation office also found that Pitts should be assessed an additional two points to her offense level under U.S.S.G.

§ 3C1.1 for obstruction of justice.  (*Id.* at ¶ 14.)

Pitts's counsel stated written objections to the revised presentence report in a letter to the probation office dated October 3, 2005.  (Doc. No. 20 - Gov. Exh. I.)  In those objections, counsel argued that the proffer agreement was distinct from, and not superseded by, the plea agreement and that, consequently, Pitts's alleged breach of the plea agreement did not obviate the provision in the proffer agreement that any information she provided to the government as part of the proffer would not be used against her so long as the information was not false or misleading.  (*Id.* at 1-2.)  In addition, counsel argued that Pitts should not be assessed a two-point enhancement under U.S.S.G. § 3C.1.1.  (*Id.* at 3-4.)  Finally, counsel argued that Pitts suffered from an addiction to methamphetamine and had not yet had the opportunity to enter a drug treatment program and that, in light of that fact and the scope of her assistance to the government, she should receive the benefit of most, if not all, of her plea agreement. (*Id.* at 4.)

At Pitts's January 31, 2006, sentencing hearing, the government first outlined the manner in which Pitts had breached the plea agreement, setting forth the facts of her failed drug test and the discovery of methamphetamine in her purse.  (Doc. No. 11 - Gov. Exh. C at 6-7.)  Pitts's counsel did not disagree that Pitts had involved herself in conduct amounting to commission of a new state or federal offense, in violation of the terms of the plea agreement.  After hearing the government's representation, the district court found that, based on Fed.R.Crim.P. 11(c)(1)(C) and the plea agreement, Pitts's plea was knowingly, voluntarily,

and intelligently entered and that Pitts's intervening conduct had caused the government to be bound no longer by the terms of that agreement, making it necessary for the court to determine a reasonable sentence for Pitts pursuant to 18 U.S.C. § 3553. (*Id*. at 7-8.)  The court then asked Pitts's counsel to state any objections to the revised presentence report. (*Id*. at 8.)

As to his previous objections to the revised presentence report, contained in his October 3, 2005, letter to the probation office, Pitts's counsel first informed the court that, although he had termed his arguments in the letter as "objections," his real purpose was to ask the court to "take a special view" of the facts and to consider Pitts's substantial assistance to the government in applying 18 U.S.C. § 3553 and determining a reasonable sentence in the case. (Doc. No. 11 - Gov. Exh. C at 9.)  When the court then asked counsel if he wanted to withdraw his objections and instead to have the arguments in his letter considered as part of his overall argument that Pitts's sentence should be reduced based on her substantial assistance, counsel stated that he indeed wished to withdraw his objections. (*Id*.)  Counsel also explained that he wished to withdraw his objection to the probation office's finding in the revised presentence report that Pitts's offense level should be assessed two points under U.S.S.G. § 3C1.1, because, after researching the relevant case law, counsel had concluded that Pitts's actions indeed constituted obstruction of justice. (*Id*. at 10.)

Finding there to be no remaining objections to the revised presentence report, the court adopted the factual statements contained in the report, with specific findings that Pitts's

offense level was 40 (determined by a base offense level of 38,[5] plus 2 points for obstruction of justice, plus 2 points for a firearm enhancement, minus 2 points for acceptance of responsibility); her Criminal History Category was I; and the resulting sentencing guidelines range was from 292 months to 365 months. (Doc. No. 11 - Gov. Exh. C at 11 & 17-18.) The court then heard argument and took evidence on the § 5K1.1 motion for downward departure based on Pitts's substantial assistance. (*Id*. at 13-74.) After hearing all the evidence, including Pitts's own testimony, the court granted the motion for downward departure, reducing Pitts's offense level to 32. (*Id*. at 74.) With an offense level of 32 and a Criminal History Category of I, the court determined that Pitts's sentencing range under the guidelines was from 121 months to 151 months. (*Id*.) The court then sentenced Pitts to 121 months' imprisonment. (*Id*. at 85.)

In her § 2255 motion, Pitts contends that, had her counsel not withdrawn his objection that the revised presentence report improperly attributed to her drug amounts that were determined from statements she made to the government as part of her proffer agreement, the objection would have been sustained by the district court, resulting in her receiving a substantially shorter sentence. (Doc. 14 at 5-6; Doc. No. 32 at 1-4.) Pitts maintains that her counsel was correct in his original contentions that (1) the proffer agreement and plea

_____

[5]The revised presentence report indicated that, based on statements made by Pitts, and given the most conservative estimates and time frames, Pitts implicated herself in the joint distribution of more than 6 kilograms of "ice" methamphetamine. (Doc. No. 20 - Gov. Exh. H ¶ 12.) Pursuant to U.S.S.G. § 2D1.1(c)(1), offenses involving more than 1.5 kilograms of "ice" are assigned a base offense level of 38.

agreement should be considered separately; (2) the plea agreement did not supersede the proffer agreement; (3) she did not violate the proffer agreement; and (4) her breach of the plea agreement did not extinguish the proffer agreement. Consequently, she says, use of the self-incriminating evidence provided by her in her proffer was impermissible and counsel was ineffective for failing to pursue this argument at sentencing. The undersigned disagrees.

The Eleventh Circuit has recognized that plea agreements "are like contracts and should be interpreted in accord with what the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1334 11th Cir. 2005). *See United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999) ("A plea agreement is, in essence, a contract between the Government and a criminal defendant."); *Allen v. Thomas*, 161 F.3d 667, 671 (11th Cir. 1998) ("[W]e have said that the construction of plea agreements is governed generally by the principles of contract law, as we have adapted it for purposes of criminal law....") (internal marks and citation omitted); *United States v. Knight*, 867 F.2d 1285, 1288 (11th Cir. 1989) ("When [the defendant] accepted the plea offer, her discussions with [a DEA agent] were no longer with a view to an agreement; the negotiations had ended and a plea contract was formed."). Pitts's plea agreement clearly stated that, in the event of a breach, "the Government will be released from its commitment to honor *all* of its obligations to the defendant...." (Doc. No. 9 - Gov. Exh. A at 8; emphasis added.) Further, the plea agreement specifically stated that "[t]he United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's

12

background." (*Id*. at 2.)  In addition, the plea agreement provided that "[t]he Probation Office will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history." (*Id*. at 9.)  The plea agreement also provided:  "The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document"; on the plea agreement's signature page, Pitts acknowledged that "the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement." (*Id*. at 8 & 11.)  During her guilty plea colloquy, Pitts acknowledged in open court that the plea agreement represented in its entirety any understanding that she had with the government, and she averred that, other than the plea agreement, no one had made any other assurances to her in an effort to induce her to plead guilty.  (Doc. No. 11 - Gov. Exh. B at 4-5.)  Under these circumstances, it follows that Pitts's plea agreement superseded the proffer agreement, and that in breaching the plea agreement, Pitts was no longer afforded the protection of the proffer agreement.  *See United States v. Fagge*, 101 F.3d 232, 234 (2nd Cir. 1996).  Thus, the district court could properly consider self-incriminating statements made by Pitts under the proffer agreement in determining the amount of drugs attributable to her for sentencing purposes.[6]

---

[6]This court also takes notice that, at her sentencing hearing, Pitts provided testimony indicating that she deliberately withheld material information during her proffer sessions with agents for the government.  Pitts specifically admitted withholding information about drug dealing and other unlawful activities engaged in by David Price, because Price was her husband's first cousin. (Doc. No. 11 - Gov. Exh. C at 49-50.)  By intentionally providing incomplete information in her proffer, Pitts violated the provision of the proffer agreement requiring that she not give false or misleading information.  *See United States v. Seeright*, 978 F.2d 842, 846 (4th Cir. 1992) (defendant materially breached proffer agreement by, among other things, withholding material evidence during

"[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance." *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994). Consequently, this court concludes that Pitts's counsel did not render ineffective assistance by withdrawing and/or failing to pursue an objection that the revised presentence report improperly attributed to Pitts drug amounts that were determined from statements she made as part of her proffer.  Therefore, Pitts is not entitled to relief based on this claim of ineffective assistance of counsel.

Nor was Pitts's counsel ineffective for withdrawing his objection to the finding in the revised presentence report that Pitts's offense level should be assessed two points under U.S.S.G. § 3C1.1 for her obstruction of justice.  By engaging in the conduct related to her breach of her plea agreement, Pitts obstructed or impeded the administration of justice in her case.  *See United States v. Witherell*, 186 F.3d 1343, 1344-45 (11th Cir. 1999); U.S.S.G. § 3C1.1.[7]  Thus, Pitts is not entitled to any relief on this ground.

### 3.      *Ineffective Assistance:  Failure to Argue Pitts Did Not Breach*

proffer session).

[7]The Application Notes to the Commentary for U.S.S.G. § 3C1.1 provide a non-exhaustive list of the examples of the types of conduct amounting to obstruction of justice for purposes of § 3C1.1.  Included among such examples are attempting to produce a false or altered record during an official investigation or judicial proceeding, concealing evidence that is material to an official investigation or judicial proceeding, providing a materially false statement to a law enforcement officer that obstructs or impedes the official investigation of the instant offense, and providing materially false information to a probation officer in respect to a presentence report or other investigation for the court.  *See* U.S.S.G. § 3C1.1, cmt. n.4(c), (d), (c) & (h).  Shortly before Pitts took the urine test that she failed, probation officers discovered Pitts attempting to pass the test using a "false" sample of urine that Pitts had secreted in a device hidden under her clothing.

14

### Plea Agreement

Pitts also appears to contend that her counsel rendered ineffective assistance when he failed to argue that she did not breach the plea agreement by committing a new offense because she was not *convicted* of another offense before sentencing. (Doc. No. 14 at 6.) This contention lacks merit. The plea agreement provided that "*committing* any new state or federal criminal offense while awaiting sentencing" – not conviction for such an offense – constituted a breach of the plea agreement. (Doc. No. 9 - Gov. Exh. A at 8; emphasis added.) Pitts herself admitted at sentencing that she had committed a new offense, and the government presented ample evidence to establish that Pitts committed the offense of possession of methamphetamine while awaiting her sentencing. (*See, e.g.*, Doc. No. 11 - Gov. Exh. C at 24-53 & 70-73.) Pitts's breach of the plea agreement released the government from its commitments under that agreement, including any obligation to make a specific sentencing recommendation. Pitts's counsel therefore was not ineffective for failing to raise this nonmeritorious issue at sentencing.[8] *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

---

[8]In Part II.A of this Recommendation, this court found that Pitts's substantive claim that the district court erred in imposing a firearm enhancement was barred by the waiver provision in the plea agreement. Pitts does not appear to assert this claim in the context of ineffective assistance of counsel. The transcript of the sentencing hearing reflects that Pitts's counsel argued that the firearm enhancement should not be imposed against Pitts. (Doc. No. 11 - Gov. Exh. C at 77-78.)

U.S.C. § 2255 motion filed by Pitts be denied, as the claims therein entitle her to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 29, 2008. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 15th day of December, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE